# IN THE UNITED STATE DISTRICT COURT

## STATE OF UTAH

| | |
|---|---|
| **JENNIFER M.,**[1] <br><br>                 **Plaintiff,** <br><br> **vs.** <br><br> **FRANK BISIGNANO,** <br><br>                 **Defendant.** | **MEMORANDUM DECISION & ORDER** <br><br> **Case No.  2:25-cv-00527** <br><br><br> **Magistrate Judge Dustin B. Pead** |

## BACKGROUND[2]

Plaintiff Jennifer M. ("Plaintiff") filed this action against Defendant Frank Bisignano,

Commissioner of Social Security ("Defendant" or "Commissioner"), on June 30, 2025.[3]

Plaintiff's counsel, Dana Duncan ("Duncan"), filed a Motion to allow Plaintiff to proceed *in*

*forma pauperis* under 28 U.S.C. § 1915, which was granted by the court on July 2, 2025.[4]

---

[1] Based on privacy concerns regarding sensitive personal information, the court uses only the first name and initial of the last name of the non-governmental party in this case. Privacy concerns are inherent in many of the Federal Rules. *See*, Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

[2] Plaintiff consented to Magistrate Judge Dustin B. Pead conducting all proceedings in this case, including entry of final judgment under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. *See* ECF No. 8, Notice of Consent.

[3] ECF No. 1, Complaint.

[4] ECF No. 2, Motion for Leave to Proceed In Forma Pauperis; ECF No. 3, Order; 28 U.S. C. § 1915.

After the Commissioner filed his answer[5]and after the issuance of several stipulated scheduling orders,[6] attorney Duncan moved to withdraw as counsel for Plaintiff.[7] Plaintiff agreed to counsel's withdrawal.[8] In response, on February 11, 2026, the court issued an Order granting Duncan's withdrawal from the case and requiring Plaintiff, within twenty-one (21) days, to obtain new counsel or  inform the court of her intention to proceed *pro se*, without an attorney.[9] The court warned that failure to timely do so could result in dismissal of her action.[10]

Plaintiff failed to comply with the court's February 11, 2026 order and on March 31, 2026, the court issued an Order to Show Cause.[11] In its Order to Show Cause, the court ordered Plaintiff to indicate, no later than April 6, 2026, why her action should not be dismissed for failure to prosecute.[12]

---

[5] ECF No. 9, Answer and Administrative Record.

[6] ECF No. 11, Order Amended Administrative Scheduling Order; ECF No. 18, Order Amending Administrative Scheduling Order; ECF No. 20, Order Amending Administrative Scheduling Order; ECF No. 24, Order Amending Administrative Scheduling Order.

[7] ECF No. 25, Motion to Withdraw as Counsel; ECF No. 26. Amended Motion to Withdraw as Counsel.

[8] *Id.*

[9] ECF No. 27, Order Granting Withdrawal of Counsel.

[10] *Id.*

[11] ECF No. 28, Order to Show Cause.

[12] *Id.*

As of this date, Plaintiff has not responded to the court's orders.[13]

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 41(b), "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."[14] "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts [as here] to dismiss actions *sua sponte* for a plaintiff's failure to . . . comply with the rules of civil procedure or court's orders.[15]

## DISCUSSION

Plaintiff's action is dismissed because she has failed to comply with the court's orders issued on February 11, 2026 and March 31, 2026 and accordingly fails to prosecute her case.[16] Federal Rule 41(b) allows for dismissal of an action based on a plaintiff's failure to comply with court orders.[17] Here, Plaintiff has not obtained new counsel, informed the court that she will proceed *pro se* or responded to the court's order to show cause.

As a result, it is hereby ORDERED that Plaintiff's action is DISMISSED.

---

[13] Both court orders were sent to Plaintiff at her address of record. *See* ECF No. 27; ECF No. 29, Mailing Certificate of Clerk.

[14] Fed. R. Civ. P. 41(b).

[15] *Olsen v. Mapes,* 333 F.3d 1199, 1205 n.3 (10th Cir. 2003); *see also Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1161 (10th Cir. 2007) (*citing Petty v. Manpower Inc.,* 591 F.2d 615, 617 (10th Cir. 1979) ("a district court may, without abusing its discretion, enter such an order without attention to any particular procedures").

[16] ECF No. 27; ECF No. 28.

[17] Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED this 14th day of April, 2026.

BY THE COURT

_____
DUSTIN B. PEAD
Magistrate Judge
United States District Court

4